UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GENE S. RUCKER,                )
                               )
    Petitioner,                )
                               )
v.                             )   No. 1:07-cv-152
                               )   *Edgar/Carter*
RICKY BELL, Warden             )
                               )
    Respondent.                )

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Gene S. Rucker ("Petitioner") [Court File # 1]. Rucker is a prisoner confined at Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee.

Before the Court is Petitioner's motion for stay and abeyance [Court File # 5], and Respondent Ricky Bell's ("Respondent") motion to dismiss [Court File # 8] and motion to strike Addendum Six [Court File # 19]. Although Petitioner did not file a response to Respondent's motion to dismiss, he did file a reply to Respondent's equitable tolling response [Court File #18].

After considering the filings of Petitioner and Respondent, the record before the Court, and the applicable law, the Court will **GRANT** Respondent's motion to dismiss [Court File # 8]. Therefore the Court necessarily will **DISMISS** Petitioner's § 2254 petition [Court File # 1].

**I.      Non-Dispositive Motions**

Petitioner's motion to hold his habeas petition in abeyance pending the outcome of his state postconviction petition will be **DENIED** as his state postconviction petition has been dismissed by the Court of Criminal Appeals as time-barred [Court File # 5]. Respondent's motion to strike

Addendum Six will be **GRANTED** [Court File # 19].

**II.     Motion to Dismiss**

Respondent argues that the petition should be dismissed as it is barred by the applicable one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and there is no valid reason under which Petitioner could prove his entitlement to equitable tolling of the statute of limitation. Petitioner contends the one-year habeas statute of limitation should be equitably tolled for two reasons. First, he claims he is entitled to equitable tolling because the law library at the institution where he was incarcerated was inadequate as it did not contain any Tennessee law books or the "Federal rules" [Court File No. 6, p. 1]. Rather, according to Petitioner, the institution only contained Wisconsin legal material and provided the more than 1500 prisoners the limited service of one licensed attorney who only visited the prison twice a month.

**A.     Procedural History**

Petitioner was convicted by a jury of criminally negligent homicide and aggravated arson on November 1, 2001. His sentence and conviction were affirmed on December 9, 2004, and the Tennessee Supreme Court denied his application for permission to appeal on March 21, 2005. *State v. Rucker*, No. E2002-02101-CCA-R3-CD, 2004 WL 2827004 (Tenn. Crim. App. Dec. 9, 2004) (perm. app. denied March 21, 2005) [Addenda #s 1 and 3].[1]

Petitioner filed a state post-conviction petition on December 6, 2006, which was dismissed

---

[1] The Court of Criminal Appeals' decision was actually issued on December 22, 2003, but the Petitioner successfully petitioned the court to withdraw its mandate to allow him to file an application for permission to appeal in the Tennessee Supreme Court. That order was entered December 9, 2004 [Addendum # 3].

as time-barred on January 22, 2007 [Addendum # 4], and affirmed on August 24, 2007 [Addendum # 4]. The instant habeas petition was filed on June 5, 2007, the date the prison mailroom received the envelope for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988) (A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing.); *See* Rule 4(c) FED. R. APP. P.

**B.     Facts**

The Court will view the facts, as it is required to do, in the light most favorable to the Petitioner, the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). During the summer of 2004 Petitioner suffered a "light stroke." Petitioner was initially told he pulled a muscle but a few days later a physician told him he suffered a stroke. Petitioner suffered a blood clot on the right side of his brain which resulted in memory loss, slurred speech, and paralysis of his whole left side.

Petitioner met with the prison-provided attorney in 2005 and discussed post-conviction relief but not federal habeas relief. His next meeting with the attorney was cancelled and Petitioner never rescheduled another meeting. Petitioner was aware of the statute of limitation for filing a state postconviction petition as his state trial counsel notified him on April 7, 2005, that he had until March 20, 2006, to file a petition for state post conviction relief.

Petitioner purportedly had another inmate prepare and file a state petition for post-conviction relief in May of 2005.[2] Petitioner inquired about the status of his state post-conviction petition in

---

[2] The trial court, however, concluded, that in the absence of any record of an original petition, the December 6, 2006 amended petition was the original petition which it deemed untimely since it was filed more than one year after his conviction became final and because none of the statutory exceptions to the general limitation period were applicable.

3

August of 2005 when he sent a letter to the Court Clerk, an inquiry that went unanswered. Petitioner's sister called the Hamilton County Court Clerk on January 10, 2006, inquiring about the status of his case. Petitioner's sister was informed the Judge had not reached a decision. Petitioner filed an amended state postconviction petition on December 6, 2006, which was deemed an original petition by the state trial court.

While his state petition was pending, Petitioner was informed (in November 2006) that he needed to file a federal habeas petition. Petitioner waited, however, and did not file the instant petition until June 5, 2007.

### C. Timeliness of the § 2254 Petition

AEDPA, codified in 28 U.S.C. § 2241, et seq., amended the federal habeas corpus statutes, and added a one-year statute of limitation to govern the filing of an application for a federal writ of habeas corpus. The statute of limitation begins to run from the date the petitioner's state judgment of conviction becomes final, or the occurrence of one of three other circumstances, none of which Petitioner is arguing is relevant here. See 28 U.S.C. § 2244(d)(1).

In this case, Petitioner's conviction became final on June 20, 2005,[3] upon the lapse of the ninety-day period for filing a petition for certiorari in the Supreme Court seeking review of his direct appeal. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000) (under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). Petitioner was allowed one year to file a federal habeas petition. Because Petitioner did not file a timely state post-

---

[3] Because the last day of the ninety day period fell on a weekend, Petitioner was given the benefit of the next business day within which to begin counting the commencement of the statute of limitations. *See* Rule 6 of the Federal Rules of Civil Procedure.

4

conviction petition which would have tolled his AEDPA statute of limitations, the statute expired for filing a habeas petition on June 20, 2006, thus rendering his June 5, 2007 habeas petition untimely.[4]

Petitioner contends the statute of limitation should be equitably tolled for two reasons. First, Petitioner argues the statute of limitations should be tolled because he was denied access to courts when the prison library only had Wisconsin law books and one licensed attorney to assist more than 1500 inmates in pursuing their legal remedies. Second, Petitioner asserts that his mental incapacitation, which occurred after suffering a light stroke in August of 2004, warrants equitable tolling.

**D.    Analysis**

*1.    Tolling Provision Under 28 U.S.C. § 2244(d)(2)*

Under § 2244(d)(2), a properly filed state-court petition must be pending in order to toll the limitations period. In the instant case, the state courts concluded Petitioner filed his state post conviction petition after the one year expired for filing such petition. Although Petitioner claimed he filed a state post-conviction petition on or about May 21, 2005, the state courts concluded that in the absence of any record of an original petition, his amended petition, filed on December 6, 2006, after the expiration of the state post-conviction one-year statute of limitations, was an original

---

[4]    Petitioner filed his state post-conviction petition on December 6, 2006, after the one-year statute of limitation for filing a federal habeas petition had expired.

5

petition and dismissed it as untimely.[5]

This Court is bound by that finding as the United States Supreme Court has held that "[w]hen a postconviction petition is untimely under state law that [is] the end of the matter for purposes of § 2254(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quotations omitted). Similarly, the Sixth Circuit has held that it is proper for district courts to defer to state court's finding as to whether a state postconviction petition has been submitted according to the State's timeliness requirements. *See Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied*, 535 U.S. 1088 (2002). Therefore, the state courts' conclusions that Petitioner's state postconviction petition was filed after the expiration of the one year state postconviction statute of limitations, thus untimely, is binding on this Court.

The tolling provision of § 2244(d)(2) serves only to pause the clock that has not fully run. Once the one-year limitations period under AEDPA has expired, collateral state petitions can no

---

[5] This Court was initially troubled by Petitioner's claim that he timely filed a state postconviction petition on or about May 21, 2005, but a review of the record reveals Petitioner failed to support his claim with any evidence. Although Petitioner's filing of the writ of mandamus in the state appellate court requesting the state trial court be mandated to rule on his state postconviction petition supports his allegation that he filed an original postconviction petition on May 21, 2005, there is no supporting evidence that he actually filed a state postconviction petition on or about May 21, 2005.

Petitioner has not filed, nor does the record include a signed and dated copy of the alleged original petition. Respondent has filed what the Court presumes Petitioner claimed in state court was his original state postconviction petition but this document is a form fill-in-the-blank petition which is unsigned and undated. Moreover, the petition itself acknowledges the statute of limitations has expired [Addendum # 7, p. 10].

Additionally, the Court observes there is neither an affidavit from mail-room personnel at the institution from which Petitioner alleges he mailed the original state post-conviction petition nor the mail-room log reflecting his initial state postconviction petition was actually mailed. Petitioner contends his sister spoke with someone in the Clerk's office who confirmed Petitioner had a case pending but Petitioner has failed to provide a supporting affidavit.

longer serve to avoid a statute of limitation. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001); *see also Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853-55 (8th Cir. 2003) (where AEDPA's one-year statute of limitation has passed, later filing of post-conviction petition in state court does not toll federal statute, even if petition was timely under state law). Consequently, Petitioner's untimely state post-conviction petition did not serve to toll the running of the previously expired limitation period for filing a federal habeas petition. *See Allen v. Siebert*, ___ U.S. ___, 128 S.Ct. 2 (2007) (A state postconviction petition rejected by the state court as untimely is not properly filed withing the meaning of § 2244(d)(2)); *White v. Warden, Southeastern Tenn. Regional Correctional Facility*, 2006 WL 1868153, *2 (W.D. Tenn. July 3, 2006) ("Post-judgment motions filed subsequent to the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.") .

Petitioner filed his state post-conviction petition after the federal statute of limitation had already expired, so there was not an effective § 2244(d)(2) tolling in this case. The habeas statute of limitation expired on June 20, 2006, and Petitioner did not file his state postconviction petition until December 6, 2006, almost six months after the expiration of the habeas one-year limitation period. Applying 28 U.S.C. § 2244(d) to the instant habeas petition, this petition is untimely as the habeas statute of limitations expired prior to the filing of the state post-conviction petition and the habeas petition was filed almost one year after the expiration of the habeas statute of limitation.

However, Petitioner contends equitable tolling is appropriate in his case for two reasons: (1) the prison library did not have any Tennessee law books or Federal rules and (2) because he suffered a stroke in the summer of 2004(Court File # 18, p. 7). Respondent counters that the circumstances

7

of the instant case fail to present extraordinary circumstances requiring the application of the equitable tolling doctrine.

## 2. Equitable Tolling

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In order for equitable tolling to apply, the petitioner must diligently pursue relief under § 2254. *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999). Petitioner bears the burden of demonstrating he is entitled to equitable tolling. *Vroman v. Brigano*, 346 F.3d at 604. Equitable tolling is applied sparingly and only when extraordinary circumstances, beyond a petitioner's control, make it impossible to file a petition on time. *Id.* Sixth Circuit case law only permits the invocation of the doctrine of equitable tolling to toll the one-year limitation period applicable to habeas petitions under certain circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (holding that the test set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), is applicable to equitable tolling questions in habeas cases). The test for equitable tolling set forth in *Andrews v. Orr*, requires the Court to consider the following five factors when determining whether to apply equitable tolling:

(1) the petitioner's lack of actual notice of filing requirements;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) the petitioner's diligence in pursuing one's rights;

(4) absence of prejudice to the defendant; and

(5) petitioner's reasonableness in remaining ignorant of the notice requirement.

*Id.* at 151.

These factors are not necessarily comprehensive and not all factors are relevant in every case. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidable arose from circumstances beyond that litigant's control." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *see also Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (equitable tolling, if available in § 2254 proceedings, is warranted only where "some extraordinary circumstance stood in [a petitioner's] way and prevented timely filing") (citations and internal quotation marks omitted).

### a. Denial of Adequate Legal Materials

Petitioner claims he lacked notice and constructive knowledge of the filing requirement because he was denied access to adequate legal materials. Although Petitioner claims the prison lacked any Tennessee law books and Federal rules, the Court finds Petitioner has failed to sufficiently plead and show that this alleged impediment warrants equitable tolling as ignorance of the law and lack of legal assistance, which in effect is what he is claiming with his inadequate law library argument, even for an incarcerate prisoner, generally do not warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.) (holding *pro se* prisoner did not present rare and exceptional circumstances when he was ignorant of the law and filing deadline due to inadequate prison library) *cert. denied*, 531 U.S. 1035 (2000); *Scott v.* Johnson, 227 F.3d 260, 263 n. 3 (5th Cir. 2005) (observing that an inadequate law library does not constitute a "rare and exceptional" circumstance warranting equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

9

Petitioner's argument regarding the insufficient law library does not present a rare and exceptional circumstance warranting equitable tolling of the limitations period. *See Felder v. Johnson,* 204 F.3d at 171; *see also Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that prison lockdown and misplaced legal papers did not present extraordinary circumstance as would warrant equitable tolling of the habeas petition statute of limitations). Therefore, Petitioner's mere ignorance of the statutes of limitations is insufficient to warrant tolling. *See United States v.* Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.");*Jones v. United States,* 304 F.3d 1035, 1044 (11th Cir. 2002) (citing *Irwin v. Department of Veterans* Affairs, 498 U. S. 89, 96 (1990) (holding that ignorance of law is insufficient basis for granting equitable tolling), *cert. denied*, 538 U.S. 947 (2003); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.) (holding equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law, and only learned of AEDPA's time limitations sometime after April 29, 1997), *cert. denied*, 525 U.S. 891 (1998). Regardless of the quality of the library or legal assistance available, equitable tolling is inapplicable as "ignorance of the law alone is not sufficient to warrant equitable tolling. *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (citations and internal quotations omitted).

Moreover, although Petitioner claims the library did not contain Tennessee law books and Federal rules, the Court observes that he filed lawsuits in Tennessee Courts during the time in which he claims he had no access to any Tennessee law books. Even if the Court accepts Petitioner's conclusory allegations that only Wisconsin law books and limited access to a licensed attorney were available, such a slim selection of books and rare meeting with counsel did not create an impediment that prevented Petitioner from filing a petition for writ of habeas corpus in the United States District

Court pursuant to 28 U.S.C. § 2254. Moreover, Petitioner acknowledges his state trial attorney notified him of the postconviction deadline for filing a petition and that he was notified to file a federal habeas petition approximately six months prior to filing the instant habeas petition. Consequently, the first two factors, *i.e.*, the alleged lack of actual notice and constructive knowledge of the filing requirements, weigh against Petitioner. Turning to the due diligence factor, as explained below, the Court likewise finds that it weighs against Petitioner.

Petitioner claims he has diligently pursued his remedies but was hindered in that pursuit due to the prison library only containing Wisconsin Law books. Although Petitioner acknowledges the prison provided limited access to a licensed attorney, he complains about the assistance rendered by that attorney. Nevertheless, the Court observes that Petitioner pursued his writ of mandamus in Tennessee Courts without Tennessee law books and that he was informed in November of 2006 that he needed to immediately file a federal habeas corpus petition, but yet, he waited until June 5, 2007, to file the instant petition. Needless to say, it is apparent that Petitioner failed to exercise due diligence in pursuing his federal habeas remedies.

There is nothing in the record to indicate it was reasonable for Petitioner to remain ignorant of the legal requirement for filing his claim as he did meet with the licensed attorney available at the jail; his trial attorney notified him of the deadline for filing a state post-conviction petition; and he was informed he needed to file a habeas petition more than six months before filing the instant petition. Thus, factor five does not weigh in Petitioner's favor. The Court need not determine prejudice (factor four) to the Respondent since this factor only applies where one factor that might justify tolling has already been identified and no such fact has been identified. *Vroman,* 346 F.3d at 605.

Accordingly, Petitioner is not entitled to equitable tolling because of an inadequate law library or because he was not aware of the one-year statute of limitation in which he could file a federal habeas petition. Likewise, as explained below, Petitioner is not entitled to equitable tolling on the basis of his claim of incapacity.

### b. *Mentally Incapacitated*

Petitioner claims he suffered a stroke in the summer of 2004, approximately three years prior to the filing of his habeas petition, but does not specify the dates he was mentally incapacitated, the degree of incapacitation, or the length of time he suffered from this condition. Mental incapacity of a petitioner can toll a statute of limitations only if it actually prevents a petitioner from pursuing his legal rights during the limitations period. *Dunn v. Morgan*, No. 3:04CV232, 2005 WL 1397028, *2 (E.D. Tenn. June 13, 2005) (citations omitted). The petitioner must make a threshold showing of incompetence, *see Calderon v. United States Dist. Court for Cent. Dist. of Cal.,* 163 F.3d 530, 541 (9th Cir. 1998) and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001).

Petitioner has not submitted any medical records or an affidavit from his treating physician in support of his claim of mental incapacitation. There is no allegation or evidence of any medically diagnosed psychotic disorder, any adjudication of incompetency or incapacity, or any inability to function within the general prison population, maintain prison employment, or manage his personal affairs. Without such information, Petitioner cannot show he lacked the mental capacity to pursue his legal rights during the relevant time period.

Petitioner's factually unsupported allegations of mental incapacity are belied by his ability to pursue– as a *pro se* litigant– his *pro se* writ of mandamus, a state-court postconviction petition,

and this federal habeas petition. Petitioner has not demonstrated that, during the applicable time period, he was so incapable of rational thought that he could not appreciate his legal situation or ascertain that he must take steps to protect his rights. Petitioner's factually unsupported assertion of incapacitation is insufficient to justify equitable tolling. *See Lawrence v. Florida,* ___ U.S. ___ 127 S.Ct. 1079, 1086 (2007) (Finding that Lawrence made no factual showing of mental incapacity, the Court concluded he did not show extraordinary circumstances necessary to support equitable tolling).

Accordingly, equitable tolling on the basis of Petitioner's factually unsupported alleged mental incapacitation is inappropriate and does not save him from the statute of limitations bar. Petitioner's current § 2254 habeas corpus petition is clearly time-barred, and this action will be **DISMISSED WITH PREJUDICE**.

**II. Conclusion**

Equitable tolling cannot be applied in this case as Petitioner's alleged incapacity, inadequate legal skills, nor an inadequate library warrants equitable tolling in this case. For the reasons discussed above, Respondent's motion to dismiss the habeas corpus petition will be **GRANTED** [Court File # 8] and Petitioner's § 2254 habeas petition will be **DISMISSED** [Court File #1].

An appropriate judgment will enter.

E N T E R this the 2nd day of January, 2008.

                      */s/ R. Allan Edgar*
                      R. ALLAN EDGAR
                UNITED STATES DISTRICT JUDGE